DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY,

## NOVEMBER TERM. 1869.

BAILEY B. DOUGLASS, RECEIVER OF TAXES OF THE CITY OF NEWARK, PLAINTIFF IN ERROR, v. THE STATE, THE ORANGE AND NEWARK HORSE CAR RAILROAD COMPANY, DEFENDANTS IN ERROR.

An incorporated company, whose charter provides a certain mode of taxation in lieu of other taxes, is not liable to be assessed in the ordinary manner prescribed in the tax law of 1866.

Error to the Supreme Court.

In 1868, the defendants in error were assessed in the city of Newark for the amount of their capital stock and real and personal estate, the aggregate amount being $272,650, the tax on which was $4,633.35.

This assessment was removed into the Supreme Court by *certiorari*, and sought to be reversed by the defendants in error, on the ground that by their charter they were exempt from all taxes, except a tax to the treasurer of the state, and because the tax was illegally assessed to the said company.

485

The assessment was set aside as illegal. For the case and opinion of the Supreme Court, see *ante p.* 82.

To reverse this judgment the present writ of error is brought, and the following errors have been assigned :

1. That the defendants in error were liable to be assessed for taxes in the city of Newark, in the year 1868, on the amount of their capital stock paid in and accumulated surplus, deducting therefrom the amount of assessments made upon their real estate within this state.

2. That the said defendants, if not liable to taxation in manner aforesaid, were liable to be assessed upon their real estate and chattels situate and found in said city.

3. That the Supreme Court erred in holding that the defendants in error were not liable to be assessed for their capital stock, or any part thereof, or their real estate or chattels, or any part thereof, in the city of Newark.

The defendants joined in error, and the case was argued by—

*Stone* and *Jackson*, for plaintiff in error.

*Hayes* and *Bradley*, for defendants.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a matter of taxation. One of the provisions in the charter of the defendants (*Laws* 1859, *p.* 306,) is in these words, *viz.*, " That as soon as the said company shall declare to their stockholders, dividends equal to seven per centum per annum, from and after the commencement of the building of said road, and so long as said company pays dividends of seven per centum per annum, the said company shall pay to the treasurer of this state a tax of one per centum on the cost of the said road, to be paid annually on the first Monday in January ; provided, that no other tax or impost shall be levied or raised from said corporation by virtue of any law of this state."

The question is, whether this clause of the defendants'

charter saves them from taxation in the mode provided by the general tax law of 1866. Section fifteenth of that act (*Nix. Dig.* 954*) embraces all private corporations of this state, " except banking institutions, and except those which, by virtue of any contract in their charters or other contracts with this state, are expressly exempted from taxation."

The plaintiff in error insists that the defendants are not within this exception, because they have no contract with the state exempting them from taxation. This position is founded on the proposition maintained in the opinion delivered in this court in the case of *The State* v. *The Mayor, &c., of Jersey City,* 2 *Vroom* 575, to the effect that a legislative provision similar to this in the charter of the defendants, does not, in a strict legal sense, constitute a contract between the state and the corporators. The line of reasoning in the opinion referred to was, that as these charters can be altered or rescinded at pleasure, the provision designating a special mode of taxation does not contain the essential elements of a legal agreement, and consequently did not differ from ordinary acts of legislation. The terms of the law which gave rise to this conclusion were of vague and uncertain meaning, and there was ground for the apprehension that to give them the wide effect contended for would extend the exemption to a class of companies not embraced within the statutory design. Under such a law it was proper to require a plain title, when a claim was made to immunity from ordinary taxation. In strictness of law, I think the counsel of the plaintiff in error are right when they say that the defendants have no *contract* with the state exempting them from taxation ; but the question to be settled in the construction of this statute is not one relating to the accuracy of legal definition, but simply one with respect to legislative intendment. We decide this controversy as soon as we ascertain what the law-makers meant by the expression " contracts," contained in the charters of private corporations.

This meaning, however uncertain it may have formerly

*Rev., p. 1156, ¿ 74.

been, it seems to me is now very plainly written, on the face of this branch of legislation. By the act of 1862 (*Laws, p. 344,*) it was provided that "all private incorporations of this state, except those which, by virtue of any *irrepealable* contract in their charters, or other contracts with this state, are expressly exempted from taxation, shall," &c., be taxed in a certain prescribed mode. Under this statute the question arose as to the effect of this exemption upon those corporations circumstanced as the defendants are, having no *irrepealable* charter. In the case of the *State* v. *Miller*, 1 *Vroom* 372, this doubt was solved against this class of corporations, and in the opinion delivered on that occasion by Mr. Justice Elmer, he used the following language: "But it is insisted, for the company, that the words 'other contracts with this state,' mean any other contracts than irrepealable contracts in their charters, and therefore include repealable contracts in their charters. I am not able, however, to adopt this construction, because it makes the two clauses of exception in effect contradictory, and rejects the word 'irrepealable' as wholly superfluous and unnecessary. If the legislature meant to except from the operation of this law all corporations which are in terms expressly exempted from taxation, this meaning could have been, and doubtless would have been, plainly expressed in unambiguous terms. If the word 'irrepealable' had been omitted, and the language had been 'by virtue of any contract in their charters, or other contracts with this state,' there could be no doubt of the meaning."

Apparently, in pursuance of this suggestion that the omission of the word "irrepealable" would clear the clause from all obscurity, and would extend the benefits of the exemption to all companies whose charters contain provisions similar to that of the defendants above recited, in the year 1866 the legislature remodeled the section, and dropped from it the word "irrepealable." This modification of the law could have been but for one purpose—that is, to make the terms clear in the sense indicated in the judicial opinion above

State, ex rel. Mutual Benefit Life Ins. Co., pros., v. Utter, Receiver, &c.

quoted. This entire controversy before the court on this occasion relates to the legislative intent. It is but of little moment whether or not things have been called by their right names, provided the design is certain. By the term "contract" used in the act of 1866, it is difficult to suppose a doubt remaining that it was intended to describe those provisions in these charters of incorporations, whether irrepealable or otherwise, whereby a certain rate of taxation is imposed, in exclusion of all others. As a term of legal nomenclature, the word "contracts" may be ill-chosen or inexact; but as a matter of statutory construction, the expression, under the circumstances, is unambiguous and plainly intelligible.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, THE CHIEF JUSTICE, DALRIMPLE, DEPUE, VAN SYCKEL, CLEMENT, KENNEDY, OGDEN, OLDEN, VAIL, WALES.

*For reversal*—None.